UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL JOSEPH WILLIAMS,
     Plaintiff,

     vs

JOY HARRIS, *et al.*,
     Defendants.

Case No. 1:16-cv-638

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a former pretrial detainee at the Summit Behavioral Healthcare Center,[1] brings

this civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1-1, Complaint at PageID 13).

Plaintiff is hereby **GRANTED** leave to proceed *in forma pauperis*.

This matter is now before the Court for a *sua sponte* review of the complaint to

determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of

1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

---

[1] On May 16, 2016, plaintiff was ordered to undergo treatment at the Summit Behavioral Healthcare Center, after having been found incompetent to stand trial in Case No. 16/CRB/11676 in the Hamilton County, Ohio Municipal Court. Based on the Hamilton County Clerk of Courts online docket sheet, it appears that on July 27, 2016, plaintiff was convicted by plea to one count of disorderly conduct. He received a sentence of confinement of thirty days, along with credit for thirty days of time served. (Viewed at www.courtclerk.org under Case No. 16/CRB/11676).

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, has filed several documents in this action. (*See* Doc. 1, 2). Plaintiff's filings are handwritten in various color markers and difficult to read. He names the following individuals as defendants: Joy Harris, Amy Bonner, Fred Gainers, Dr. Christopher Masell, Dr. Sook Zun, Dr. Elizabeth Rose, Dr. William Watters, Lalethea Scot, and Antonio James. Plaintiff seeks "compensatory, monetary relief dividends on retirement benefits[2] and the amount in controversy, which is $30,000. And possibly to seek criminal charges." (Doc. 1 at PageID 2). In the same document, plaintiff states that he seeks $280,000,000 "for implementing and using Germany tactics to establish order when there is [no] order in a fascist tolitarian type government." (*Id.* at 5).

In the original document filed with the Court, plaintiff alleges that he was arrested in 2011 on an interstate agreement between Covington, Kentucky and Cincinnati, Ohio. He claims the police "pick me up an might of beat me we flash. Because I was homeless and it is usually that a covington police do so be they are all german." (Doc. 1 at PageID 2). Without

---

[2] Plaintiff asks for ten percent of defendants' retirement to go to his account. (Doc. 1 at PageID 4).

elaboration, he further asserts that he is denied privileges that Ohio inmates are given and that he takes psychotropic medication that does not work if he is not given enough to eat. (*Id.* at 34). He also claims that he always fights with the guards and officials when he is in jail and is housed in a cell with a concrete floor.

Plaintiff's other documents include similar claims. On or about March 16, 2016, while at the Summit Behavioral Center, plaintiff claims he was forced to wait twelve or thirteen hours without food. He claims that "if I'm not eating probably I have side affects." (Doc. 2 at PageID 7). He also claims that a security officer (who is not named as a defendant in this action) jumped on him and beat him when he was arrested. (*Id.* at 7, 9). He claims he was in isolation for 24 hours, without consulting his mental health doctor and was treated like a criminal. (*Id.* at 9). Plaintiff indicates that he has been harassed by the police since 2002:

> Back in 2002 I was at the greyhound station and the police came up and disrespect me and I said that the sears tower is going to blow up li[ke] the World Trade Center bombing. And from 2001 the police has been harass me ever since.

(*Id.* at 9–10). Finally, plaintiff indicates that he would like to convert this civil action "to title 18 Rules of Criminal Procedure which governs assault and attempt premeditate murder." (*Id.* at 23).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. As an initial matter, plaintiff's conclusory allegations that defendants violated his First and Fifth Amendment rights, as well as "the privacy act" should be dismissed. (*See* Doc. 2 at PageID 7). The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights under these provisions of law. The complaint must also be dismissed to

4

the extent that plaintiff brings this action under the federal criminal code, as plaintiff has not indicated, nor is the undersigned aware of, any relevant federal criminal statute that creates an express or implied private cause of action.

To the extent that plaintiff complains of police actions in 2002 and 2011, these claims are subject to dismissal as being time-barred.  Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).  Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).  *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of

5

limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at \*2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd,* 529 F. App'x 558 (6th Cir. 2013). Therefore, to the extent that plaintiff complains about actions taken by police officers in 2002 and 2011, these claims should be dismissed.

Plaintiff has otherwise failed to state a claim upon which relief may be granted under the Eighth Amendment. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Therefore, to establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, the complaint does not contain a single factual allegation involving any action taken by a named defendant. Plaintiff alleges that he has "been denied extra food by a hospital administrator" and states that "two African American men" on the second shift "don't do nothing for me" (*see* Doc. 2 at PageID 16, 25), however plaintiff fails to allege facts that any

6

named defendant was aware of his need for extra food or was deliberately indifferent to his serious needs. Absent allegations that would enable the Court to reasonably infer that the named defendants violated plaintiff's rights under the Eighth Amendment, these claims should also be dismissed.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: _8/12/16_

Karen L. Litkovitz
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL JOSEPH WILLIAMS,                          Case No. 1:16-cv-638
      Plaintiff,

    vs                                         Black, J.
                                                      Litkovitz, M.J.

JOY HARRIS, *et al.*,
      Defendants.


**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.  Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8